899 A.2d 343

**Demetrios S. TOULOUMES, Connie A. Touloumes, and 31 S. Baltimore Inc. D/B/A Holly Inn, Appellants,**

v.

**E.S.C. INCORPORATED, Appellee.**

**No. 33 MAP 2004.**

Supreme Court of Pennsylvania.

Argued Nov. 30, 2004.

Decided June 19, 2006.

Shawn E. Smith, Esq., Douglas B. Marcello, Esq., for Demetrios Et al Touloumes.

Thomas Edward Brenner, Esq., Harrisburg, for E.S.C., Inc.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, and BAER, JJ.

## *OPINION*

Chief Justice CAPPY.

In this appeal by allowance, we are called upon to review the limited issue of whether Pennsylvania Rule of Civil Procedure 238, Pa.R.C.P. No. 238, which speaks to the availability of delay damages in certain civil actions, permits delay damages in a breach of contract action involving the damage to property. We conclude that it does not. Thus, we affirm the order of the Superior Court.

A contract for roofing work serves as the basis of the underlying litigation. Specifically, in 1994, Appellee E.S.C., Inc., ("ESC") entered into a contract with Appellants Demetrios S. Touloumes, Connie Touloumes and 31 S. Baltimore, Inc., d/b/a The Holly Inn (collectively "the Holly Inn") in which ESC agreed to make extensive improvements to the roof of the motel owned by the Holly Inn. Pursuant to the agreement, the Holly Inn paid $29,855.00 for the work, which included the roofing work covering of eight motel units, an office, and a

banquet room area. ESC completed the roofing work and warranted the labor and materials for ten years.

Subsequently, on January 20, 1996, after a significant snow storm, water began to infiltrate the roof, and leaked into the motel rooms, the banquet room, and the office. Damages occurred to the motel's ceilings, drywall, and carpet, as well as the contents of the motel rooms. As a result, the motel was left in an uninhabitable state. The Holly Inn contacted ESC. After receiving an unfavorable response, the Holly Inn undertook some repairs to the interior of the motel at its own expense. The motel rooms and the ballroom area were reopened in the summer of 1996. ESC took the position that the water damage to the motel was due to the Holly Inn's perforation of the roof membrane in several places during its attempt to remove accumulated snow and ice. Although ESC subsequently repaired the roof, it refused to pay for the property damage associated with the leaks.

Thereafter, the Holly Inn filed an action against ESC in the Court of Common Pleas of Cumberland County.[1] The Holly Inn alleged damages of $45,762 for uncompensated losses and $29,855 to replace the motel's roof.

After a two-day bench trial, the trial judge entered a decision in favor of the Holly Inn, concluding that ESC had breached its contract by failing to install a roof in a workmanlike manner and breached its duty, implied in its contract, to perform the roofing in a workmanlike manner. The trial judge awarded the Holly Inn damages of $14,397 to replace

1. Initially, the Holly Inn submitted a claim to its insurer, Commercial Union Insurance Company ("Commercial Union") in the amount of $87,581.72. It received payment in the amount of $49,736.54 for a portion of the loss. Commercial Union subsequently sought subrogation from ESC's insurance company, Erie Insurance Company ("Erie") for the amount it paid to the Holly Inn. The matter was submitted to inter-company arbitration, and Commercial Union was awarded $50,347.54, which represented $44,230.50 in compensation for the physical damage to the property and $6,117.04 for damages associated with the Holly Inn's loss of business during repairs. Erie satisfied the arbitration award. The parties stipulated that the subsequent claim for a replacement roof in the action in the Court of Common Pleas of Cumberland County was not included in this earlier inter-company arbitration.

the existing roof, $18,976.78 for repairs already undertaken, and $2,200 to repair damaged ductwork.

Both parties filed post-trial motions; as part of its post trial motions, the Holly Inn sought delay damages pursuant to Pennsylvania Rule of Civil Procedure 238. The trial judge entered an order on November 6, 2001, in relevant part, denying the Holly Inn's request for delay damages.

Thereafter, both parties filed cross appeals to the Superior Court. A unanimous three-member panel of the court affirmed in a memorandum opinion. Specifically, with respect to the award of delay damages, the Superior Court, citing its prior decisions in *Hodges v. Rodriguez*, 435 Pa.Super. 360, 645 A.2d 1340 (1994) and *Reliance Universal, Inc., of Ohio v. Ernest Renda Contracting Co., Inc.*, 308 Pa.Super. 98, 454 A.2d 39 (1982), held that Rule 238 delay damages are not recoverable in contract actions.

The Holly Inn filed a petition for allowance of appeal. We granted allocatur limited to the following issue:

Whether delay damages pursuant to Pennsylvania Rule of Civil Procedure 238 are available in a breach of contract action where the damages sought are measurable by actual property damage.[2]

■ The parties' arguments are straightforward. The Holly Inn asserts that it is entitled to delay damages pursuant to Rule 238. The express language of the Rule provides for delay damages in actions involving property damage; therefore, according to the Holly Inn, application of Rule 238 is based upon the nature of the relief involved, and not the underlying cause of action. *Loeffler v. Mountaintop Area Joint Sanitary Authority*, 101 Pa.Cmwlth. 514, 516 A.2d 848

2. The Holly Inn's Complaint was divided into three counts: negligence; breach of contract; and breach of warranty, yet, there is no dispute that the Complaint was based upon the contract between the parties. Furthermore, the basis for the Holly Inn's relief was breach of contract and a breach of a contractually implied duty on the part of ESC. Additionally, the Holly Inn does not assert before our Court that the underlying action is one in tort and not contract. Thus, for these reasons, and consistent with the limited issue on which we granted allocatur, we treat this matter as a breach of contract action.

(1986). Thus, as the relief sought in the instant litigation was for property damage, the Holly Inn asserts that it is entitled to delay damages.

ESC's response is to the point-Rule 238 has been held not to apply to contract actions. *Reliance Universal, supra.* As the damage amount to replace the roof in this matter arises from a contractual obligation between the parties, ESC argues that delay damages pursuant to Rule 238 are not appropriate.[3]

 To address the parties' arguments we must construe our Rules of Civil Procedure.[4] Accordingly, we begin our analysis by setting forth the principles of construction that apply to our Rules. Specifically, Pa.R.C.P. No. 127(a) makes clear that "[t]he object of all interpretation and construction of the rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. No. 127(a). In meeting this objective, Rule 127 offers more specific guidance and points us first to the words utilized in the Rule, and then to other considerations if the words that are employed are not explicit:

Construction of the Rules. Intent of the Supreme Court Controls

. . .

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

---

**3.** ESC also argues that the total amount of damages awarded to the Holly Inn, including the breach of contract damages, was less than 80% of the trial court's award. According to ESC, even if Rule 238 is applicable, and applying the formula set forth in the Rule, no delay damages would be due to the Holly Inn. Due to our resolution of the limited issue on which we granted allocatur, we need not consider this argument raised by ESC.

**4.** The issue before us involves the proper interpretation of a rule. This is a question of law, and thus, our standard of review is *de novo.* Our scope of review, to the extent necessary to resolve the legal question before us is the entire record, and thus, is plenary. *Gardner v. Workers' Compensation Appeal Board,* 585 Pa. 366, 888 A.2d 758, 761 n. 4 (2005); *Buffalo Township v. Jones,* 571 Pa. 637, 813 A.2d 659, 664 n. 4 (2002).

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. No. 127.

With these guidelines in mind, we begin our analysis by considering the language used in Rule 238. In relevant part, Rule 238 states:

Damages for Delay in Actions for Bodily Injury, Death or Property Damage

(a)(1) *At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages* awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

Pa.R.C.P. No. 238 (emphasis supplied).

The terms utilized in Rule 238 have been subjected to two reasonable interpretations by our intermediate appellate courts. Specifically, the Commonwealth Court has previously suggested that any claim for property damage permits delay damages pursuant to Rule 238. *Loeffler, supra.* In *Loeffler,* the Commonwealth Court opined that the Rule identifies its coverage in terms of the "relief" involved and not the underlying cause of action. *Loeffler,* at 851. Conversely, the Superior Court has found that Rule 238 does not apply to contract actions, but applies only to tort actions. *Reliance Universal, supra.* In *Reliance,* the Superior Court reasoned that the

rule simply makes no provision for delay damages in contract actions; as the penalty for delay was designed to ease congestion and delay in the disposition of civil actions for bodily injury death or property damage, delay damages are not appropriate in contract actions. *Reliance,* at 41.

As exemplified by the differing, but equally reasonable, interpretations that our intermediate appellate courts have given the terms of Rule 238, Rule 238 is susceptible to different constructions and capable of being understood in more than one sense. On one hand, the terms of Rule 238 suggest that delay damages would be appropriate in any "civil action" which seeks relief for "bodily injury, death or property damage." Yet the Rule limits the type of action to those for recovery for "bodily injury, death or property damage." These types of redress have traditionally sounded in tort. *See, e.g.,* W. Page Keaton, *Prosser and Keaton on the Law of Torts,* § 1 (5th ed.1984). Damages in a contract action, to the contrary, are for the protection of various interests, i.e., expectation, reliance, and restitution interests, in the event of a breach of a promise, and are generally spoken of in terms of money damages, restoration damages, or specific performance. John E. Murray, Jr., *Murray on Contracts,* § 117 (3rd ed.1990). Thus, the terms of the Rule which speak to, *inter alia,* "property damage," could also reasonably be construed to limit the availability of delay damages to tort litigation. Thus, based upon the above, we cannot say that the words employed in Rule 238 are so explicit and free from all ambiguity such that they clearly manifest the Court's intention.

Therefore, consistent with our rules of interpretation, we turn to other considerations in ascertaining the intent of the Court regarding the breadth of Rule 238. We will first consider the reason for Rule 238, more specifically, the occasion and necessity for the rule and the circumstances under which it was promulgated, the mischief to be remedied, and the object to be attained. Pa.R.C.P. No. 127(c). Then we will analyze the practices followed under Rule 238; and finally, we shall weigh the consequences of particular interpretations of the Rule. *Id.*

First, in considering the reason for the promulgation of Rule 238,[5] we turn to the Rule's Explanatory Comments as proposed to our Court for review and adoption. 8 Pa. B. 2668.[6] Rule 238 was proposed as one solution to the vexatious "congestion and delay in the disposition of civil actions for bodily injury, death or property damage pending in trial courts." *Id.* Although these Explanatory Comments do not directly resolve the precise issue before us, it is instructive that they explain the need for the rule by citing similar rules in various states, including New Jersey. Indeed, the Explanatory Comments single out the New Jersey Supreme Court decision in *Busik v. Levine*, 63 N.J. 351, 307 A.2d 571 (1973) which interpreted New Jersey's rule that provided for an additional six percent to the award "[i]n tort actions, including products liability actions, . . . from the date of the institution of the action or from a date six months after the date of the tort, whichever is later." N.J.R. 4:42–11(b).

Furthermore, the Explanatory Comments discuss the intermediate status of certain actions regarding property. Specifically, the Comments make clear that the Rule did not apply to eminent domain proceedings or any pending actions for damages to property in which damages for delay are already allowable under prior decisions of the Court, *citing Marrazzo v. Scranton Nehi Bottling Co.*, 438 Pa. 72, 263 A.2d 336 (1970) in which "compensation for delay may be allowed in trespass actions for destruction or involuntary conversion of property where the compensation can be measured by market value or other definite standards." 8 Pa. B. at 2669. While Rule 238 did not apply to these types of pending actions, new actions of this type were to be governed by Rule 238. Thus, while not directly speaking to the issue before us, by citing to other state rules and case law in which the Rule was applied to tort actions, and by citing to a decision by our Court which discusses tort causes of action regarding property damage, the

5. Our Court has the power to "prescribe general rules governing practice, procedure and the conduct of all courts. . . ." PA CONST. art. V, § 10(c).

6. Explanatory notes, while not a part of a rule, may be used in construing a certain rule. Pa.R.C.P. 129(e).

Explanatory Comments connote a similar limitation on the breadth of Rule 238.

Similarly, in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147, 154 (1981), our Court, in determining the constitutionality of Rule 238, elaborated on the purpose behind the Rule. Our Court noted dual purposes: penal, to reduce court congestion, and compensatory, to make the plaintiff whole. Specifically, and relevant to our inquiry today, we stated, "Rule 238 provides compensation to a plaintiff for delay in receiving the monetary damages *owing as a result of a defendant's tort.*" *Id.* (emphasis supplied). We further explained that the basis for the Rule was that the defendant's refusal to settle a lawsuit in a timely fashion resulted in the defendant suffering no harm. "They, as the *tortfeasors,* are not unjustly deprived of compensation during the course of pre-trial delays." *Id.* at 156 (emphasis supplied). We continued in addressing a substantive due process challenge by reasoning that "the application of the equal protection standard to Rule 238 requires that the substance of the Rule bear a rational relation to the goal of *encouraging settlement offers in tort litigation.*" *Id.* (emphasis supplied). Furthermore, we again noted New Jersey's rule, emphasizing "[t]he restrictions placed on the Pennsylvania rule encourage early *disposition of tort litigation* in a way that New Jersey's rule does not." *Id.* at 151 (emphasis supplied). Thus, while not dispositive, these repetitive statements by our Court emphasizing the application of Rule 238 to tort litigation in explaining the reason for the promulgation of Rule 238 reflect the intention of the Court regarding the limited nature of the Rule and its inapplicability to breach of contract actions.

Second, regarding the practice followed under the current Rule, Pa.R.C.P. No. 127(c), the cases following *Laudenberger,* with one exception, have emphasized the circumscribed scope of the Rule and its limited application to tort litigation. Certain of these cases have considered the type of action being asserted. *See, e.g., Temporaries Incorporated v. Krane,* 325 Pa.Super. 103, 472 A.2d 668, 674 (1984)("While we have found no cases dealing with the application of Rule 238 to an action

for tortious interference with contract, the rule itself applies only to certain actions and does not encompass every action."). Virtually all cases emphasize the narrow breadth of the Rule. *See Reliance, supra,* at 44 ("The penalty may only be imposed, however, in tort cases. The rule makes no provision for recovery of delay damages in contract cases."); *see also Anchorstar v. Mack Trucks, Inc.,* 533 Pa. 177, 620 A.2d 1120 (1993)(holding Rule not applicable to claims for loss of consortium, and citing *Reliance, supra,* in support thereof); *Colodonato v. Consolidated Rail Corp.,* 504 Pa. 80, 470 A.2d 475 (1983)(finding Rule not applicable to punitive damages); *Oweida v. Tribune–Review Publishing Co.,* 410 Pa.Super. 112, 599 A.2d 230 (1991)(determining Rule not to be applicable in libel action).

Even the Commonwealth Court's decision in *Loeffler, supra,* is of dubious support for the proposition that Rule 238 delay damages are appropriate in a breach of contract action. Specifically, a recent decision by the Commonwealth Court has brought the holding of *Loeffler* into question. In *McIntyre v. Philadelphia Housing Authority,* 816 A.2d 1204 (Pa.Cmwlth. Ct.2003), Judge Mary Hannah Leavitt, writing for a unanimous panel of the Commonwealth Court, believed axiomatic what virtually all other courts in our Commonwealth have concluded: "Since it was error for the trial court to allow the jury to award tort damages in a breach of contract claim, it goes without saying that delay damages on the breach of the implied warranty claim were improper." *Id.* at 1212 n. 17. Judge Leavitt concluded without qualification that "delay damages are not recoverable in contract actions" *citing Reliance, supra.* Thus, the current practice, as exemplified by this case law, is to look to both the type of action and the type of relief, and finds Rule 238 delay damages inapplicable in contract actions.

█ Finally, in considering the consequences of a particular interpretation of our Rule, paramount is the fact that in a breach of contract action, pre-judgment interest is the appropriate vehicle to secure monies for the delay of relief. *Penneys v. Pennsylvania Railroad Co.,* 408 Pa. 276, 183 A.2d 544

(1962); *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 117 A.2d 721 (1955). Thus, the purpose for which Rule 238 was promulgated was already recognized by the legal right to pre-judgment interest in contract actions. In *Laudenberger, supra*, we recognized this when we indicated that the concept of indemnifying a plaintiff for the monies he would have earned on his award if he had promptly received it was previously followed in cases concerning breach of contract. *Id.* at 154. Furthermore, Section (e)(2) of Rule 238 offers that it shall not apply to "actions in which damages for delay are allowable in the absence of this rule." Although not explicit, as damages for delay in the form of pre-judgment interest were permitted in breach of contract actions prior to the adoption of Rule 238, Section (e) of that Rule advises that it is not applicable to breach of contract actions. Furthermore, were we to interpret Rule 238 delay damages to be applicable to a breach of contract action in addition to tort litigation, we would be injecting unnecessary confusion and possible duplication into this area of the law. Indeed, to permit both the right of pre-judgment interest and delay damages pursuant to Rule 238 would not only create uncertainty, but could lead to an unwarranted windfall for a plaintiff.

In conclusion, for the above-stated reasons, we hold that Rule 238 delay damages are not available in a breach of contract action where the damages sought are measurable by actual property damage. As the Holly Inn asserted a breach of contract action against ESC, the Superior Court properly affirmed the trial judge's denial of delay damages in this matter.

Justice CASTILLE, SAYLOR, EAKIN and BAER join the opinion.

Former Justice NIGRO did not participate in the decision of this matter.

Justice NEWMAN files a dissenting opinion.

Justice NEWMAN, dissenting.

I dissent from the Majority Opinion because Pennsylvania Rule of Civil Procedure 238 (Pa.R.C.P.238) expressly provides for delay damages in actions involving property damages: "[a]t **the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added** to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff. . . ." Pa.R.C.P. 238 (emphasis added).

The Majority states that it "must construe our Rules of Civil Procedure" and refers to Pa.R.C.P. 127(a), which provides that "[t]he object of all interpretation and construction of the rules is to ascertain and effectuate the intention of the Supreme Court." Majority Opinion at 292, 899 A.2d at 346 (citing Pa.R.C.P. 127(a)). However, that Rule also provides that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). The Majority has disregarded the letter of the Rule.

In the matter *sub judice*, the words of Pa.R.C.P. 238 are both clear and free from all ambiguity. The Rule specifically authorizes delay damages where, *inter alia*, the following elements are present: (1) plaintiff requests them; (2) in a civil action; (3) seeking monetary damages; (4) where there is bodily injury, death, or property damage. Appellants have satisfied these four requirements. Therefore, the Majority's exploration of the intent of the Rule was not required because the Rule itself explicitly provides that Appellants are entitled to delay damages.

The litigation was occasioned by the failure of Appellee, a roofing company, to install a roof at the Holly Inn, a motel owned by Appellants, in a workman-like manner. During a significant snowstorm, water infiltrated the roof, and the motel suffered extensive water damages as a result of the leak, leaving it uninhabitable. Property damage resulting from the

300

leak affected the motel's rooms and their contents, and its ceilings, drywall, and carpet.

Because Rule 238 explicitly authorizes delay damages when property damage occurs, the Majority's foray into the intent of the Rule violates a key principle of statutory construction that the letter of a Rule is not to be disregarded in pursuit of its spirit. Contrary to the position that the Majority espouses, the Rule does not differentiate between actions for breach of contract, such as the one brought by Appellants, or ones sounding in tort.

Accordingly, I would reverse the Order of the Superior Court and hold that, pursuant to Pa.R.C.P. 238, Appellants are entitled to delay damages as a result of the property damage that accrued to the motel.