J-S12034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JRW SERVICE GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEW AGE DEVELOPMENT GROUP, | : | |
| LLC | : | |
| | : | No. 2309 EDA 2020 |
| Appellant | | |

Appeal from the Judgment Entered November 17, 2020
In the Court of Common Pleas of Chester County Civil Division at No(s):
No. 2019-01830-CT

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED:  MAY 7, 2021**

New Age Development Group, LLC ("New Age"), appeals from the Judgment entered against it and in favor of JRW Service Group, LLC ("JRW"). We affirm.

As found by the trial court, the factual history underlying the instant case is as follows:

> On February 11, 2015, the United States Navy Engineering Facilities Command ("NAVFAC") issued a solicitation for requests for proposal on a contract for work to be performed at the Philadelphia Naval Business Center ("Project").  … [New Age] was awarded the work for the Project in July 2015[,] on contract #40085-15-D-7509 ("Prime Contract").  The Prime Contract was a fixed price contract beginning in 2015[,] with options for four one-year extensions[,] for a total of five years of annual work. The base year was 2015-2016 ("Year One")[,] and the option years were 2016-2017 ("Year Two"), 2017-2018 ("Year Three"), 2018-2019 ("Year Four"), and 2019-2020 ("Year Five").

New Age solicited bids on the project for roof survey and drain and gutter cleaning work that fell within the scope of work under the Prime Contract ("Subcontract Work"). [] JRW … was awarded the Subcontract Work for Year One for a total price of $87,713.53. New Age's project manager, Shawn Kingsley [("Kingsley")], executed JRW's proposal and authorized JRW to begin subcontract work on October 2, 2015 ("2015 Contract"). JRW was performing Subcontract Work at least as early as October 19, 2015.

On October 27, 2015, a New Age representative forwarded [to] JRW a proposed subcontract with the message, "Please execute and return immediately." ("Proposed Subcontract"). The Proposed Subcontract misstated the job name, job location, project address, start date, and finish date for the Project[,] and otherwise contained provisions and terms not applicable to the Subcontract Work. JRW did not sign the Proposed Subcontract[,] and New Age did not pursue the matter.

JRW performed and was paid in full for the Subcontract Work in Year One….

NAVFAC extended the Prime Contract for Year Two. New Age requested JRW to perform the Year Two Subcontract Work with no increase in JRW's price from the 2015 Contract. JRW agreed to an increase in its Subcontract Work[,] in exchange for exclusive rights to the Subcontract Work for each year of the Prime Contract.

On September 16, 2016, JRW submitted a new proposal to New Age, substantially similar to the 2015 Contract, and reflecting the same prices for the Subcontract Work, but adding under Technical Application Notes the following term:

Contract Length: No yearly increases for the duration of the five[-]year total contract ("2016 Contract").

On November 14, 2016, New Age project manager [] Kingsley signed the 2016 Contract and returned it to JRW. JRW performed and was paid in full for the Subcontract Work for Year Two.

NAVFAC extended the Prime Contract for Year Three. Around December 2017, JRW and New Age engaged in a dispute over a separate and unrelated subcontract for work being

- 2 -

performed at the Philadelphia VA Hospital. On April 9, 2018, New Age issued correspondence to JRW relaying, "As per Section 12 of the Contract[,] 'Termination of Subcontract for Convenience,' New Age … has the right to "terminate this SUBCONTRACT at any time, without cause, upon providing SUBCONTRACTOR at least five days' prior written notice of the effective date of termination.' The effective date of this termination will be 4/13/2018" ("Termination Clause"). The language quoted is from the Proposed Subcontract.

The operative contract, the 2016 Contract, does not contain the Termination Clause…. NAVFAC later extended the Prime Contract for Year Four and Year Five… New Age was awarded a judgment in the amount of $301,476.49 against JRW in a separate matter in the United States District Court for the Eastern District [of Pennsylvania] ….

Trial Court Decision, 7/1/20, at 1-4 (paragraph numerical designations omitted, paragraphs reformatted).

On February 14, 2019, JRW filed a breach of contract action against New Age. Eventually, JRW filed an Amended Complaint. New Age filed an Answer and New Matter to the Amended Complaint. After a bench trial, the trial court entered a verdict against New Age, and in favor of JRW, in the amount of $200,389.65. New Age filed post-trial Motions, which the trial court denied. Following the entry of Judgment on the verdict, New Age filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

New Age presents the following claim for our review:

Did the trial court commit an error of law or abuse its discretion when it ruled that it could not apply a final judgment of $301,476.49[,] held by [New Age] against [JRW,] as a set-off to the verdict, because [New Age] raised the set-off as a defense under [N]ew [M]atter[,] rather than as a counterclaim?

Brief for Appellant at 4.

New Age claims that its claim for set-off was properly raised under New Matter. *Id.* at 12. New Age asserts that Pennsylvania courts have long recognized the right to set-off one debt against another debt. *Id.* According to New Age, a claim for set-off is an affirmative defense, "because it raises new facts that, if true, would defeat [New Age's] obligation to pay JRW." *Id.* at 13. New Age claims that it properly raised its claim of set-off under New Matter, as required by Pa.R.C.P. 1030. *Id.* New Age challenges the trial court's legal conclusion that a set-off must be raised by means of a counter-claim. *Id.* at 14-15.

"The proper interpretation of a rule presents a question of law and our standard of review is *de novo*." **In re Estate of Krasinski**, 218 A.3d 1246, 1251 (Pa. 2019); **Touloumes v. E.S.C. Inc.**, 899 A.2d 343, 346 n.4 (Pa. 2006). "Our scope of review, to the extent necessary to resolve the legal question before us, is the entire record and is thus plenary." **Id.**

In its Order denying New Age's post-trial Motions, the trial court concluded that New Age's failure to plead a set-off by means of a counter-claim defeated its claim. **See** Trial Court Order, 10/1/7/20, at 1 n.1. While we agree that New Age failed to properly plead its claim for a set-off, we do so on a different basis. **See In re A.J.R.-H.**, 188 A.3d 1157, 1175-76 (Pa. 2018) (explaining that the "right-for-any-reason" doctrine "allows an appellate

court to affirm the trial court's decision on any basis that is supported by the record.").

Our review of the record discloses that New Age presented the following claim for a set-off in its New Matter:

> 26. [JRW's] claims are barred by the doctrine of set-off and recoupment.

Answer To Amended Complaint With New Matter, 5/17/13, at ¶ 26. Thus, New Age raised its set-off defense in the form of a legal conclusion, and only in the most cursory way. New Age's New Matter offers no allegation of precisely what charges they would seek to set-off, or provide any explanation of facts that would support a set-off claim. Because Pennsylvania is a fact-pleading jurisdiction, *see Youndt v. First Nat. Bank of Port Allegany*, 868 A.2d 539, 544 (Pa. Super. 2005), inclusion of such allegations is indispensable to the viability of the claim or defense raised. In their absence, the assertion of a legal theory, such as the claim asserted by New Age, is not sufficient to raise a legal defense. *See Am. Rock Mechs., Inc. v. N. Abbonizio Contrs., Inc.*, 887 A.2d 322, 324 (Pa. Super. 2005). *Cf. DelConte v. Stefonick*, 408 A.2d 1151, 1153 (Pa. Super. 1979) (stating that "[a]ssertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading[.]"). Because New Age failed to adequately plead a set-off, we affirm the Judgment entered by the trial court.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/21