# SUPREME COURT OF PENNSYLVANIA
## APPELLATE COURT PROCEDURAL RULES COMMITTEE
## COMMITTEE ON RULES OF EVIDENCE
## CIVIL PROCEDURAL RULES COMMITTEE
## ORPHANS' COURT PROCEDURAL RULES COMMITTEE
## CRIMINAL PROCEDURAL RULES COMMITTEE
## JUVENILE COURT PROCEDURAL RULES COMMITTEE
## MINOR COURT RULES COMMITTEE

## ADOPTION REPORT

**Adoption of Pa.R.J.A. 104-115; Rescission of Pa.R.Civ.P. 101-104, 106-108, and 127-153; Amendment of Pa.R.Civ.P. 126, 237.1, 1007.1, 1020, 1601, and 2225, Pa.R.O.C.P. 1.2, Pa.R.Crim.P. 101 and 600, Pa.R.J.C.P. 101 and 1101, Pa.R.A.P. 105, 107, and 903, Pa.R.Civ.P.M.D.J. 204, and Pa.R.E. 101, 102, and 103**

On November 3, 2023, the Supreme Court approved the extraction of rules of construction from the Pennsylvania Rules of Civil Procedure and their placement in the Pennsylvania Rules of Judicial Administration through the rescission of Pennsylvania Rules of Civil Procedure 101-104, 106-108, and 127-153, amendment of Pennsylvania Rules of Civil Procedure 126, 237.1, 1007.1, 1020, 1601, and 2225, and the adoption of Pennsylvania Rules of Judicial Administration 104-115. The Court also amended Pennsylvania Rule of Orphans' Court Procedure 1.2, Pennsylvania Rules of Criminal Procedure 101 and 600, Pennsylvania Rules of Juvenile Court Procedure 101 and 1101, Pennsylvania Rules of Appellate Procedure 105, 107, and 903, Pennsylvania Rule of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges 204, and Pennsylvania Rules of Evidence 101, 102, and 103 to establish and reference the rules of construction for the Court's procedural and evidentiary bodies of rules. The Rules Committees have prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Rules Committees, not the Court.

## Background

Procedural rules adopted by the Supreme Court have the force of statute. *See, e.g., Dombrowski v. City of Philadelphia*, 245 A.2d 238, 241 n.4 (Pa. 1968). Procedural rules, like statutes, may be subject to interpretation based upon their language and the circumstances in which they apply. To guide the interpretation of rules, courts have relied upon rules of construction used for the interpretation of statutes. *See* 1 Pa.C.S. §§ 1901-1957; *see also, e.g., Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020) (interpreting Pa.R.Crim.P.); *Commonwealth v. Wardlaw*, 249 A.3d 937 (Pa. 2021) (interpreting Pa.R.A.P.).

In 1939, rules of construction were added to the Pennsylvania Rules of Civil Procedure based largely on language contained in sections of the Statutory Construction Act of May 28, 1937, P.L. 1019, with modification to reflect their intended application to rules of court. Over time, the Statutory Construction Act, as well as the procedural rules of construction, have been amended to their present form:

| Subject | 1937 Statute | 1939 Rule | Present Statute | Present Rule |
|---|---|---|---|---|
| Title/Citation | -- | | -- | Pa.R.Civ.P. 51 |
| Effective Date | -- | Pa.R.Civ.P. 51 | -- | Pa.R.Civ.P. 52 |
| Definitions | 46 P.S. § 601 | Pa.R.Civ.P. 76 | 1 Pa.C.S. § 1991 | Pa.R.Civ.P. 76 |
| Principles | 46 P.S. § 531 | Pa.R.Civ.P. 101 | 1 Pa.C.S. § 1901 | Pa.R.Civ.P. 101 |
| Number/Tense | 46 P.S. § 532 | Pa.R.Civ.P. 102 | 1 Pa.C.S. § 1902 | Pa.R.Civ.P. 102 |
| Words/Phrases | 46 P.S. § 533 | Pa.R.Civ.P. 103 | 1 Pa.C.S. § 1903 | Pa.R.Civ.P. 103 |
| Numerals | 46 P.S. § 534 | Pa.R.Civ.P. 104 | 1 Pa.C.S. § 1904 | Pa.R.Civ.P. 104 |
| Bonds | 46 P.S. § 536 | Pa.R.Civ.P. 105 | 1 Pa.C.S. § 1906 | Pa.R.Civ.P. 105 |
| Comp Time | 46 P.S. § 538 | Pa.R.Civ.P. 106 | 1 Pa.C.S. § 1908 | Pa.R.Civ.P. 106 |
| Time - Weeks | 46 P.S. § 539 | Pa.R.Civ.P. 107 | 1 Pa.C.S. § 1909 | Pa.R.Civ.P. 107 |
| Time - Months | 46 P.S. § 540 | Pa.R.Civ.P. 108 | 1 Pa.C.S. § 1910 | Pa.R.Civ.P. 108 |
| Liberal Con | -- | Pa.R.Civ.P. 126 | -- | Pa.R.Civ.P. 126 |
| Court Intent | 46 P.S. § 551 | Pa.R.Civ.P. 127 | 1 Pa.C.S. § 1921 | Pa.R.Civ.P. 127 |
| Presumptions | 46 P.S. § 552 | Pa.R.Civ.P. 128 | 1 Pa.C.S. § 1922 | Pa.R.Civ.P. 128 |
| Grammar | 46 P.S. § 553 | Pa.R.Civ.P. 129 | 1 Pa.C.S. § 1923 | -- |
| Titles | 46 P.S. § 554 | Pa.R.Civ.P. 130 | 1 Pa.C.S. § 1924 | Pa.R.Civ.P. 129 |
| Common Law | 46 P.S. § 558 | Pa.R.Civ.P. 131 | 1 Pa.C.S. § 1928 | Pa.R.Civ.P. 130 |
| Pari Materia | 46 P.S. § 562 | Pa.R.Civ.P. 132 | 1 Pa.C.S. § 1932 | Pa.R.Civ.P. 131 |
| Inconsistent | -- | -- | -- | Pa.R.Civ.P. 133 |
| Controls | 46 P.S. § 563 | Pa.R.Civ.P. 133 | 1 Pa.C.S. § 1933 | Pa.R.Civ.P. 132 |
| Eff Date Amd | -- | Pa.R.Civ.P. 151 | -- | Pa.R.Civ.P. 52 |
| Amendatory | 46 P.S. § 573 | Pa.R.Civ.P. 152 | 1 Pa.C.S. § 1953 | Pa.R.Civ.P. 152 |
| Merger | 46 P.S. § 574 | Pa.R.Civ.P. 153 | 1 Pa.C.S. § 1954 | Pa.R.Civ.P. 153 |

These rules of construction have guided the interpretation of the Rules of Civil Procedure. *See, e.g., Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014); *Terra Technical Services, LLC v. River Station Land, L.P.*, 124 A.3d 289 (Pa. 2015).

Many of the other bodies of rules have rules of construction of varying degree. The Rules of Criminal Procedure, Rules of Juvenile Court Procedure, and Rules of Appellate Procedure simply reference the "rules of statutory construction" and address the consequence of procedural defect. The Rules of Orphans' Court Procedure incorporate by reference Pa.R.Civ.P. 102-153 but exclude Pa.R.Civ.P. 126.

The Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges do not reference rules of construction but do contain rules based upon Pa.R.Civ.P. 106 and 108 for the computation of time. While users in this non-record forum may infrequently consult rules of construction, that does not eliminate the possibility of ambiguity arising from the application of procedural rules in ever-changing circumstances.

The Rules of Evidence do not reference rules of construction, relying instead on Pa.R.E. 102 ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.") to guide the construction of the rules. Thus, the incorporation of rules of construction within the Rules of Evidence would be a new concept that does not appear in the Federal Rules of Evidence.

Evidentiary rules are not limited to the Rules of Evidence; there is a rich source of evidentiary rules contained in statutes. *See, e.g.*, 42 Pa.C.S. §§ 6101-6160; 42 Pa.C.S. § 5985.1, § 5986, and § 5993. Those statutory-based evidentiary rules are subject to the rules of statutory construction set forth in Title 1 of Pennsylvania's Consolidated Statutes. Therefore, it would be consistent that rule-based evidentiary rules be subject to similar rules of construction. Additionally, the Court has previously applied the rules of statutory construction to a rule of evidence found in the Pennsylvania Rules of Criminal Procedure. *See Commonwealth v. McClelland*, 233 A.3d 717, 734 (Pa. 2020) (discussing Pa.R.Crim.P. 542(E) and the admissibility of hearsay evidence at a preliminary hearing). This application is informative insofar as the Court has used rules of construction to guide the interpretation of a rule of evidence notwithstanding that the rule was not located in the Rules of Evidence.

To provide for uniform rules of construction for all procedural and evidentiary bodies of rules, the detailed rules of construction were removed from the Rules of Civil Procedure, revised if merited, and relocated to the Rules of Judicial Administration to immediately follow the rules governing the rulemaking process. Having one set of rules of construction for all bodies of rules will permit readers to understand their application across all rules rather than a particular body of rules. Further, replicating the same rules of construction within each body of rules seemed unnecessarily duplicative and may invite inconsistency in the application of identically worded rules. Therefore, any rules of construction organic to a body of rules have been removed with each body of rules thereafter containing a reference to the Rules of Judicial Administration concerning the rules of construction. Additionally, insofar as practicable, the title to the rule within each body of rules referencing the Rules of Judicial Administration includes the term "Construction" as a common signal.

3

However, not every rule of construction found in the Rules of Civil Procedure has been relocated to the Rules of Judicial Administration. Pa.R.Civ.P. 105 concerning bonds would remain in the Pennsylvania Rules of Civil Procedure because that rule is specific to civil proceedings. Application of that guidance to other bodies of rules may unintentionally conflict with existing provisions. *See, e.g.*, Pa.R.Crim.P. 525 (bail bond).

Pa.R.Civ.P. 104 concerning Roman numerals and Arabic numerals being deemed parts of the English language has been omitted from the newly established rules of construction. Such an anachronistic provision appeared unnecessary for the modern construction of judicial rules. There is a dearth of Pennsylvania cases litigating the meaning of numerals within the rules based simply on the fact that they are expressed as numbers rather than stated in English, *e.g.*, "VII" v. "7" v. "seven." While that may owe to the existence of Pa.R.Civ.P. 104 and 1 Pa.C.S. § 1904, it is submitted that any ambiguity may be resolved by the context in which the numerals are used and not whether numerals are or are not part of the English language. For example, "1/2" can be an expression of a mathematical operation or a date, which may be an ambiguity resolved by examining its context, but its existence cannot be ignored because Arabic numbers were used. The rejected need for such a rule is exemplified by the discontinued use of the *numero* sign, *i.e.*, "No.," in the citation of the rules.

Consideration was given to whether the rules of construction should be further modified to improve readability and applicability to rules, as opposed to statutes. As observed, the Rules of Civil Procedure's rules of construction were largely based on the rules of statutory construction. Therefore, there was merit in preserving the operative text to the extent it was feasible. This approach allows the application of the statutory rules of construction to inform the application of the judicial rules of construction given that both are similarly worded. Further, this maintains consistency with prior Court interpretations of rules citing the statutory rules of construction. Additionally, this consistency reduces the complexity for the reader to understand and employ two different rules of construction. Notwithstanding the goal of maintaining existing language, there were some aspects of the rules of construction that were revised to clarify their application.

A proposal was published for comment, see 51 Pa.B. 5532 (September 4, 2021). A commenter supporting the proposal suggested that a provision similar to Pa.R.Civ.P. 126 be added to the proposed rules of construction. That rule states:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

4

Pa.R.Civ.P. 126.  A similar provision is contained in Pa.R.O.C.P. 1.2(a).[1]

The Pennsylvania Rules of Juvenile Court Procedure contain a provision similar to the first sentence of Pa.R.Civ.P. 126, see Pa.R.J.C.P. 101(A)-(B); 1101(A)-(B), as do the Pennsylvania Rules of Criminal Procedure, see Pa.R.Crim.P. 101(A)-(B), as do the Pennsylvania Rules of Evidence, see Pa.R.E. 102 ("These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.").  Similarly, the Pennsylvania Rules of Appellate Procedure contain a "just, speedy, and inexpensive" provision.  *See* Pa.R.A.P. 105(a).  There is no analogue to Pa.R.Civ.P. 126 in the Pennsylvania Rules of Civil Procedure Before Magisterial District Judges.[2]

The first sentence of Pa.R.Civ.P. 126, and similar provisions in the other bodies of rules, will aid the construction of the rules.  Pa.R.J.A. 109 sets forth the presumptions in ascertaining the Supreme Court's intention in the adoption or amendment of a rule.  That rule has been revised to set forth the following in subdivision (b): "The Supreme Court intends a rule to be construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which it is applicable."  This presumption is only one of several presumptions in ascertaining intent.  For example, the presumption of a "just, speedy, and inexpensive determination" must be balanced by the presumptions that the Court did not intend to violate the United States or Pennsylvania Constitutions.

Omitted from this presumption is any mention of "strict" or "liberal" because using those adjectives to describe the manner of construction may displace the very purpose of the other rules of construction or create an internal inconsistency within the rules of construction.  Those adjectives are more appropriate for application of the rules, not their construction.

Concomitantly with the post-publication revision of Pa.R.J.A. 109 to add the language similar to the first sentence of Pa.R.Civ.P. 126 for the construction of rules, the

---

[1]     Similar provisions exist in the federal rules.  *See, e.g.*, Fed.R.Civ.P. 1 ("They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed.R.Crim.P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").

[2]     The absence of such a provision is likely due to factors including court-driven scheduling, court-directed service, jurisdictional limits, lack of discovery, non-record proceedings, and ability for a *de novo* appeal, which contribute to timely and efficient proceedings notwithstanding a provision.

existing "just, speedy, and inexpensive" provisions within the Rules of Civil Procedure, Rules of Orphans' Court Procedure, Rules of Criminal Procedure, Rules of Juvenile Court Procedure, Rules of Appellate Procedure, and Rules of Evidence have been retained with clarification that those provisions are to be used when *applying* the rules.

The second sentence of Pa.R.Civ.P. 126 informs the reader how the rules should be *applied* in light of procedural non-compliance: "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." *See also Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006) ("[W]e incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any 'procedural defect' that does not prejudice a party's rights."). This authority can be used to determine whether "near misses" may result in procedural default. *See, e.g., Deek Investment, L.P. v. Murray*, 157 A.3d 491, 494 (Pa. Super. 2017).

A rule governing the application of the rules was not included as part of the rules of construction. The rules of construction are intended for the interpretation of ambiguous rules. *See also Bruno v. Erie Ins. Co.*, 106 A.3d 48, 74 n.21 (Pa. 2014) (noting there is no need to resort to rules of construction when the language of rule is unambiguous). Rules like the second sentence of Pa.R.Civ.P. 126 guide the *application* of the rules regardless of the presence of ambiguity. Further, there is a varied practice based upon rule and case law concerning what type of error may be disregarded or result in procedural default. Hence, the authority of certain courts to disregard procedural errors and defects remains within the individual bodies of rules where those provisions currently exist.

Further revisions to the procedural and evidentiary bodies of rules include:

- Retitling Pa.R.Civ.P. 126 as "Application and Construction of Rules"; adding titles to the subdivisions; replacing "construed" with "applied" in subdivision (a); changing "substantial" to "substantive"; and updating the disposition table in the Comment.

- Retitling Pa.R.O.C.P. 1.2 as "Purpose, Application, and Construction of Rules"; adding titles to the subdivisions; and moving the operative language from subdivision (a) to subdivision (b), including the replacement of "construed" with "applied."

- Retitling Pa.R.Crim.P. 101 as "Purpose, Application, and Construction of Rules"; adding titles to the subdivisions; and replacing "construed" with "applied" in subdivision (b).

6

- Retitling Pa.R.J.C.P. 101 and 1101 as "Purpose, Application, and Construction of Rules"; adding titles to the subdivisions; merging subdivision (c) into subdivision (a); renumbering subdivision (D) as subdivision (c); and replacing "construed" with "applied" in subdivision (b).

- Retitling Pa.R.A.P. 105 as "Application of Rules and Enlargement of Time"; retitling subdivision (a); and replacing "construed" with "applied" in subdivision (a).

- Retitling Pa.R.E.102 as "Application of Rules"; and replacing "construed" with "applied."

- Corollary revisions have been made to Pa.R.Civ.P. 237.1(a)(2), 1007.1, 1020, 1601, and 2225, Pa.R.Crim.P. 600, cmt., Pa.R.A.P. 107 and 903, Pa.R.Civ.P.M.D.J. 204, and Pa.R.E. 101 and 103.

The current rules of construction have been removed from Pa.R.Civ.P. 101-104, 106-108, and 127-153, and are now located in Pa.R.J.A. 104 – 115. Differences between the two bodies of rules as they relate to this rulemaking include:

**Pa.R.J.A. 104. Principles of Interpretation. - Formerly Pa.R.Civ.P. 101**

The title has been revised from "Principles of Interpretation" to "Principles of Construction" to reflect existing rule text. Additionally, "any rule" has been revised to specify that the rules of construction are only intended to apply to procedural or evidentiary rules adopted by the Court. Other rules adopted by the Court and rules adopted by other authorities may be subject to construction, but these rules are not mandated in their construction.

**Pa.R.J.A. 105. Number. Tense. - Formerly Pa.R.Civ.P. 102**

No revisions were made to the existing language. This rule differs from 1 Pa.C.S. § 1902 insofar as the provision regarding gender was removed from Pa.R.Civ.P. 102 in rulemaking dated April 12, 1999.

**Pa.R.J.A. 106. Words and Phrases. - Formerly Pa.R.Civ.P. 103**

A Comment has been added to the rule.

**Pa.R.J.A. 107. Computation of Time. - Formerly Pa.R.Civ.P. 106, 107, and 108**

This rule is a consolidation of Pa.R.Civ.P. 106-108 and reflects the Court's prior use of 1 Pa.C.S. § 1908 for the computation of time. *See, e.g., City of Philadelphia v.*

7

*F.A. Realty Investors Corp.*, 256 A.3d 429 (Pa. 2021) (granting petition for allowance of appeal, vacating the intermediate appellate court's order, and remanding for further proceedings after concluding petitioners filed a timely Pa.R.A.P. 1925(b) statement, citing 1 Pa.C.S. § 1908). The text of Pa.R.Civ.P.M.D.J. 203, which is largely reiterative of Pa.R.J.A. 107(a)-(b), (d), was retained in that body of rules so that unrepresented parties are not required to consult another body of rules for the computation of time.

**Pa.R.J.A. 108. Construction of Rules. Intent of Supreme Court Controls. - Formerly Pa.R.Civ.P. 127**

Some of the factors that may be considered in determining the intention of the Supreme Court have been replaced to include specific sources of information germane to rulemaking. From these sources, the reader can understand the Supreme Court's intent. A Comment has also been added to assist the reader and reference limits placed on certain sources.

The factors contained in Pa.R.Civ.P. 127 that were retained include: 1) the contemporaneous history of the rule, *i.e.*, "rulemaking history"; 2) the practice followed under the rule; and 3) the consequences of a particular interpretation. Factors added are: 1) the Court's precedent; and 2) commentary accompanying the rule. These new factors are based upon *Touloumes v. E.S.C.*, 899 A.2d 343, 348 (Pa. 2006) (relying upon prior Court opinions involving same rule for purposes of construction), and Pa.R.J.A. 103, Comment ("Effective October 1, 2021, "rule" includes the rule text and any accompanying commentary such as a note or comment. Such commentary, while not binding, may be used to construe or apply the rule text.").

The factors removed were: 1) the occasion and necessity for the rule; 2) the circumstances under which it was promulgated; 3) the mischief to be remedied; and 4) the object to be attained. These factors require the reader to consider "why" the rule exists, which is subsumed within the "rulemaking history" and discussed within the Comment to Pa.R.J.A. 108. *See also* Pa.R.J.A. 103(a)(1) (requiring Rules Committees to include a publication report containing the rationale for proposed rulemaking); *Touloumes*, *supra* (relying upon Committee reports for purposes of construction).

To retain these specific factors suggests to the reader that any source describing "why" a rule exists may be indicative of the Supreme Court's intent. This raises a concern that sources outside of the rulemaking process may be relied upon, including periodicals, journals, trade publications, interviews, and newspapers. There is no assurance that these other sources are trustworthy, reliable, accurate, and not self-serving. Instead, the reader is directed to "the rulemaking history" within Pa.R.J.A. 108 with the Comment referencing Pa.R.J.A. 103 and Rules Committees' reports. *See also Laudenberger v. Port Auth. of Allegheny Cty.*, 436 A.2d 147, 151 (Pa. 1981) (the Supreme Court stating

8

that such reports "indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted").

Post-publication, the current factor of "the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects" was retained as subdivision (c)(7). The prior practice, especially if giving rise to subsequent rulemaking, may inform the construction of the present rule.

**Rule 109. Presumptions in Ascertaining the Intent of the Supreme Court. - Formerly Pa.R.Civ.P. 128**

Stylistic revisions have been made, but the substance of Pa.R.Civ.P. 128 is preserved.

**Rule 110. Titles, Conditions, Exceptions, and Headings. - Formerly Pa.R.Civ.P. 129**

The term "provisos" has been replaced with "conditions" to reflect current rulemaking terminology. Additionally, reference to "use of notes and explanatory comments" has been removed from the title and rule. That reference can now be found at Pa.R.J.A. 108(c)(2) as "commentary."

**Rule 111. Rules in Derogation of the Common Law. - Formerly Pa.R.Civ.P. 130**

No revisions were made to the existing language.

**Rule 112. Rules *In Pari Materia*. - Formerly Pa.R.Civ.P. 131**

Post-publication, language was inserted into the rule to limit the application of the *in pari materia* concept to the single body of rules being interpreted.

**Rule 113. Particular Controls General. - Formerly Pa.R.Civ.P. 132**

No revisions were made to the existing language.

**Rule 114. Construction of Rule Amendments. - Formerly Pa.R.Civ.P. 152 & 153**

This rule consolidates former Pa.R.Civ.P. 152 (Construction of Amendatory Rules) and 153 (Merger of Subsequent Amendments) as separate subdivisions. Subdivision (a) was added to describe the significance of textual indicators when reading amended rule text.

**Rule 115.  Procedures Inconsistent with Rules. - Formerly Pa.R.Civ.P. 133**

Pa.R.J.A. 115 is intended to assist the reader in the construction of statewide procedural rules when there may be conflicting statutory procedures or local rules of procedure.  Notably, the rule references "procedures," which is intended to exclude substantive rules of evidence that may be enacted by statute.  *See Commonwealth v. Olivo*, 127 A.3d 769, 780 (Pa. 2015) (concluding the statutory rule of evidence does not violate the Supreme Court's authority over procedural rules).  It should also be noted that some bodies of rules have savings clauses for statutory procedures.  *See, e.g.*, Pa.R.Civ.P. 1910.45; Pa.R.A.P. 5102.  This rule would not displace the operation of those statutory procedures because they would not be "inconsistent" with the rules; rather, they are "saved" by the rules.

Post-publication, the original text from Pa.R.Civ.P. 133 ("All laws shall be suspended to the extent that they are inconsistent with rules prescribed under the Constitution of 1968.") was retained and incorporated into this rule.

\*　　　\*　　　\*

This rulemaking becomes effective January 1, 2024.