620 A.2d 1120

**Milton ANCHORSTAR, Jr., and Phyllis Anchorstar, his wife, Appellees,**

**v.**

**MACK TRUCKS, INC., Ross Gear Division, TRW, Inc., and Penn Truck Leasing, Inc., Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Feb. 19, 1993.

Charles W. Rubendall, II, Donald M. Lewis, III, Harrisburg, for TRW, Inc., acting for all appellants.

David E. Turner, Reading, for appellant Penn Truck Leasing, Inc.

Terrence Grube, Asst. Gen. Counsel, for appellant Mack Trucks, Inc.

Joseph H. Jones, Jr., Pottsville, for appellees Milton and Phyllis Anchorstar, h/w.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a memorandum opinion and order of the Superior Court which affirmed in part and remanded in part orders of the Court of Common Pleas of Schuylkill County. The appellees, Milton Anchorstar, Jr., and Phyllis Anchorstar, his wife, instituted this action for damages against the appellants, Mack Trucks, Inc., TRW, Inc., and Penn Truck Leasing, Inc., as a result of a highway accident in which Mr. Anchorstar suffered serious injuries. The accident occurred when, in 1984, a truck being driven by Mr. Anchorstar went out of control, left the highway, and burst into flames. The Anchorstars commenced this action alleging, inter alia, that

one of the components in the truck's steering box was defective and that the appellants were liable on a theory of strict liability. Mr. Anchorstar's claim was based on injuries that he sustained in the accident. Mrs. Anchorstar was not, however, involved in the accident. Her claim was, therefore, based solely on loss of consortium. In 1989, in a trial by jury, a verdict was rendered in favor of the Anchorstars and judgment was entered thereon.

Pursuant to Pa.R.C.P. 238 (Rule 238), the trial court awarded delay damages to Mr. Anchorstar. Mrs. Anchorstar's claim for delay damages was denied. An appeal was taken to the Superior Court, whereupon it was held that the trial court erred in denying delay damages for Mrs. Anchorstar.

The sole issue presented in this appeal is whether Rule 238 provides for delay damages to be awarded where the underlying claim is for loss of consortium. We hold that, under the clear and express language of Rule 238, delay damages are not applicable to such a claim.

Rule 238 was designed to encourage defendants to make reasonable settlement offers in certain types of cases, thereby alleviating delays in the judicial system and compensating plaintiffs for delays in receiving damage awards. *Schrock v. Albert Einstein Medical Center*, 527 Pa. 191, 196–97, 589 A.2d 1103, 1106–07 (1991). In pertinent part, Rule 238 provides:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff. . . .

Hence, delay damages are to be awarded only in civil actions seeking monetary relief for "bodily injury, death or property damage. . . ." A literal and non-expansive interpretation has normally, and quite properly, been accorded to Rule 238, allowing delay damages to be awarded only in cases falling clearly within the purview of the "bodily injury, death or property damage" requirement. *Colodonato v. Consolidat-*

*ed Rail Corp.*, 504 Pa. 80, 83, 470 A.2d 475, 477 (1983). See also *Butler v. Flo–Ron Vending Co.*, 383 Pa.Super. 633, 651–56, 557 A.2d 730, 739–41 (1989) (delay damages not applicable to claims for emotional injury, humiliation, loss of reputation, etc.), appeal denied, 523 Pa. 646, 567 A.2d 650 (1989); *Rizzo v. Haines*, 357 Pa.Super. 57, 65, 515 A.2d 321, 325 (1986) (delay damages not applicable to claims for legal malpractice), aff'd, 520 Pa. 484, 555 A.2d 58 (1989); *Wainauskis v. Howard Johnson Co.*, 339 Pa.Super. 266, 282, 488 A.2d 1117, 1125 (1985) (delay damages inapplicable to action for malicious prosecution); *Reliance Universal v. Ernest Renda Contracting Co.*, 308 Pa.Super. 98, 107, 454 A.2d 39, 44 (1982) (delay damages not available in contract cases).

The claim filed in the present case by Mr. Anchorstar was plainly one seeking compensation for bodily injury. In contrast, the claim filed by Mrs. Anchorstar was for loss of consortium. A claim for loss of consortium is quite different from a claim for bodily injury. While it stems from the spouse's bodily injury, it is nevertheless a separate and distinct claim. Loss of consortium is a loss of services, society, and conjugal affection of one's spouse. *Bedillion v. Frazee*, 408 Pa. 281, 285, 183 A.2d 341, 343 (1962); *Hopkins v. Blanco*, 224 Pa.Super. 116, 302 A.2d 855 (1973), aff'd, 457 Pa. 90, 320 A.2d 139 (1974). One who has suffered a loss of consortium has not sustained a bodily injury but rather has experienced an injury to marital expectations. Clearly, too, the mere fact that such a claim is joined in the same civil action as a claim for bodily injury does not alter its basic character as a separate and distinct claim. See *Manzitti v. Amsler*, 379 Pa.Super. 454, 457–65, 550 A.2d 537, 538–42 (1988), aff'd, 524 Pa. 587, 574 A.2d 601 (1990).

In allowing an award of delay damages in this case, the Superior Court relied on its decision in *Novelli v. Johns–Manville Corp.*, 395 Pa.Super. 144, 576 A.2d 1085 (1990) (delay damages applicable to loss of consortium claims), appeal denied, 527 Pa. 621, 625, 592 A.2d 42, 45 (1991). In *Novelli* and the present case, however, the Superior Court ignored the plain language of Rule 238 which clearly provides for such

damages to be awarded only where the plaintiff seeks compensation for "bodily injury, death or property damage." Compensation for loss of consortium is simply not encompassed by these terms.

In short, the decision below holding that delay damages are applicable to a claim for loss of consortium was in error. The order of the Superior Court must, therefore, be reversed.

Order reversed.

LARSEN, J., did not participate in the consideration or decision of this case.