**Eileen ROTH, Appellant**

v.

**Jennifer ROSS, Appellee**

v.

**Erie Insurance Group, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 2013.
Filed Feb. 7, 2014.

Brian J. Butler, Wilkes Barre, for appellant.

Thomas P. Clark, Wilkes Barre, for Erie, appellee.

Ryan C. Blazure, Wilkes Barre, for Ross, appellee.

BEFORE: DONOHUE, OTT and PLATT,* JJ.

OPINION BY DONOHUE, J.:

Eileen Roth ("Roth") appeals from the July 5, 2013 judgment entered by the Court of Common Pleas, Luzerne County. Specifically, she challenges the trial court's May 7, 2013 denial of her request for delay damages on the $20,000 allocated by the jury toward her future medical expenses, which ruling limited the damages eligible for delay damages to the $40,000 awarded for past pain and suffering. After careful review of this issue of first impression, we conclude that the trial court erred when it refused to add delay damages to the award for future medical expenses. We therefore reverse that portion of the trial court's order and remand for the recalculation of damages.

The facts of this case are not in dispute. On August 17, 2007, the vehicle operated by Jennifer Ross ("Ross") struck the rear of Roth's vehicle on Interstate 81 in Luzerne County. On August 14, 2009, Roth initiated the underlying action in negligence against Ross and Erie Insurance Group[1] to recover damages for injuries

* Retired Senior Judge assigned to the Superior Court.

1. Roth included Erie Insurance Group, her underinsured motorist carrier, as a defendant

allegedly sustained as a result of the accident, including past and future pain and suffering, past and future medical expenses, lost wages, lost future earning capacity, mental anguish, and emotional distress. The case proceeded to a three-day jury trial, at which Ross conceded liability but denied causation of Roth's injuries. On February 13, 2013, the jury returned a verdict awarding Roth $60,000.00, $40,000.00 for past pain and suffering and $20,000.00 for future medical expenses.

On February 22, 2013, Roth filed a timely motion requesting that the trial court mold the jury verdict for the inclusion of delay damages pursuant to Pennsylvania Rule of Civil Procedure 238. On March 13, 2013, Ross filed a response to Roth's motion, asserting that granting delay damages for the portion of the award relating to future medical expenses was improper. The trial court entered an order on May 7, 2013 granting Roth's request for delay damages on the $40,000.00 allocated for past pain and suffering, but denying Roth's request for delay damages on the $20,000.00 allocated for future medical expenses.

 Roth filed a timely notice of appeal and complied with the trial court's order for the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, she raises one issue for our review: "Whether the trial court erred in refusing to include the $20,000.00 of the jury's verdict apportioned to future medical expenses when calculating [Roth's] entitlement to delay damages[?]" Roth's Brief at 4.

As stated above, the trial court found that Roth was not entitled to delay damages for the jury's verdict relating to future medical expenses. It based its decision on Roth's failure to "provide[ ] appellate case law which specifically addresses the issue of whether or not future medical expenses shall be contained within the definition of 'bodily injury' as intended by Pa.R.C.P. 238, as well as an unpublished opinion authored in another case by a fellow Luzerne County Court of Common Pleas Judge. Trial Court Order, 5/7/13 (citing *Ferraro v. Knies,* Luzerne County 9543 of 2008 (Amesbury, J., April 15, 2011)). Roth argues that the plain language of Rule 238(a)(1) belies the trial court's conclusion that she was not entitled to delay damages on the $20,000.00 award for future medical expenses. Roth's Brief at 7–9.

 Initially, the matter before us requires that we interpret a Pennsylvania Rule of Civil Procedure. This presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. *Midwest Fin. Acceptance Corp. v. Lopez,* 78 A.3d 614, 624 (Pa.Super.2013). Therefore, we are not constrained by the interpretation provided by the trial court. *Thompson v. T.J. Whipple Const. Co.,* 985 A.2d 221, 223 (Pa.Super.2009). We must then analyze the trial court's denial of delay damages pursuant to Rule 238, which we review for an abuse of discretion. *Id.* "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused." *Grossi v. Trav-*

in the event that the jury returned a verdict in excess of Ross' $100,000.00 motor vehicle liability policy. Complaint, 8/14/09, at ¶¶ 21–26. As the total amount awarded was less than $100,000.00, Erie Insurance Group had no liability to Roth. It is not involved in the instant appeal.

*elers Pers. Ins. Co.,* 79 A.3d 1141, 1163 (Pa.Super.2013) (citation omitted).

When interpreting a Rule of Civil Procedure, the goal "is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). In so doing, we must, to the extent possible, "give effect to all [of the rule's] provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b). If the words of a rule are ambiguous and not clear, only then are we to ascertain the intent of the Supreme Court. Pa.R.C.P. 127(c).

The rule in question, Rule 238(a)(1), provides, in relevant part, as follows:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, [ . . . ] damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury [ . . . ] and shall become part of the verdict[.]

Pa.R.C.P. 238(a)(1). We agree with Roth that the words of Rule 238(a)(1) are clear and unambiguous: in all civil cases wherein the plaintiff seeks monetary relief for bodily injury, delay damages shall be added to compensatory damages awarded to the plaintiff against each defendant found to be liable by the jury.

■ The trial court's focus in reaching its conclusion that future medical expenses did not warrant the addition of delay damages was Roth's failure to provide case law indicating that future medical expenses constituted "bodily injury." Trial Court Order, 5/7/13. As indicated above, however, this is not the proper inquiry. Rather, the question is whether future medical expenses constitute "**monetary relief** for bodily injury." [2] Pa.R.C.P. 238(a)(1) (emphasis added). Future medical expenses that will be incurred as a result of treatment of injuries sustained because of the defendant's negligence are, by definition, monetary relief for bodily injury. The trial court's denial of Roth's request for delay damages on the $20,000.00 allocated for future medical expenses on this basis was therefore error.

We are not swayed by the conclusion of the Honorable Judge William H. Amesbury in *Ferraro v. Knies,* the unpublished trial court decision upon which the trial court relies in support of its position. In that case, Judge Amesbury primarily bases his decision that the plaintiff is not entitled to delay damages on an award for future medical expenses on the holdings from *Anchorstar v. Mack Trucks, Inc.,* 533 Pa. 177, 620 A.2d 1120 (1993), and *Goldberg ex rel. Goldberg v. Isdaner,* 780 A.2d 654 (Pa.Super.2001), *superseded by Rule on other grounds as stated in Vogelsberger v. Magee–Womens Hosp. of UPMC Health Sys.,* 903 A.2d 540 (Pa.Super.2006). *See* Ross' Response to Motion for Delay Damages, 3/14/13, at Exhibit A pp. 8–9.[3]

---

**2.** Another proper inquiry pursuant to Rule 238 is whether the damages upon which the plaintiff seeks to add delay damages are compensatory damages. *See* Pa.R.C.P. 238(a)(1). Pennsylvania Supreme Court precedent makes clear that future medical expenses are compensatory damages. *See Tucker v. Philadelphia Daily News,* 577 Pa. 598, 612, 848 A.2d 113, 122 (2004) (stating that the compensatory damages requested by plaintiffs included, *inter alia,* future medical expenses).

**3.** The trial court did not append a copy of this unpublished trial court decision to either its May 7 decision denying Roth's request for delay damages or its statement in lieu of an opinion filed pursuant to Pa.R.A.P. 1925(a). However, a copy of the decision appears in the certified record on appeal as an exhibit to Ross' response to Roth's motion for delay damages. *See* Ross' Response to Motion for Delay Damages, 3/14/13, at Exhibit A.

594

In both of those cases, however, the appellate court found that the plaintiffs were not entitled to delay damages because their actions sought monetary relief for **someone else's** bodily injury, not their own. *See Anchorstar,* 533 Pa. at 180, 620 A.2d at 1121–22 (finding that Mrs. Anchorstar's claim for loss of consortium was based on her husband's bodily injury, not her own, and thus did not entitle her to delay damages); *Goldberg,* 780 A.2d at 659 (concluding that parents of injured and deceased infants did not suffer bodily injury, but sought monetary relief for the financial loss for their children's medical expenses, and thus were precluded from receiving delay damages thereon). In contrast, as stated above, the monetary relief sought in the case at bar are for Roth's bodily injuries. Therefore, neither *Anchorstar* nor *Goldberg* have any applicability to or bearing on the outcome of this case.

 Moreover, contrary to the argument advanced by Ross, the fact that the damages are for future medical expenses, *i.e.,* expenses not yet incurred, does not preclude the addition of delay damages to the award. *See* Ross' Brief at 6. This Court has previously held that a trial court properly grants delay damages for awards on future injuries. *See, e.g., Lilley v. Johns–Manville Corp.,* 408 Pa.Super. 83, 596 A.2d 203, 212 (1991); *Gross v. Johns–Manville Corp.,* 410 Pa.Super. 486, 600 A.2d 558, 567–68 (1991), *overturned in part on other grounds by Anchorstar,* 533 Pa. at 180, 620 A.2d at 1121–22.

Based upon our rules of construction and prior precedent, we conclude that the trial court erred by failing to grant Roth's request for delay damages on the jury's award of $20,000.00 allocated for future medical expenses. We therefore reverse that portion of the trial court's order and remand for the recalculation of damages.

Order reversed in part. Case remanded with instructions. Jurisdiction relinquished.