J-A11029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBORAH R. HARGY, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| DOM BUCCI, INDIVIDUALLY AND AS AGENT FOR CENTURY 21 CREST REAL ESTATE, LTD. AND CENTURY 21 CREST REAL ESTATE, LTD., | | |
| Appellees | | No. 3044 EDA 2014 |

Appeal from the Order Entered October 17, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): No. 13-2106.

BEFORE:  FORD ELLIOTT, P.J.E, OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                                    **FILED JULY 14, 2015**

Appellant, Deborah R. Hargy, appeals from the order granting Appellees' motion for summary judgment entered on October 17, 2014.  We affirm.

The trial court accurately summarized the factual background of this case as follows:

> Appellant entered  into a residential agreement of sale on or about March 22, 2007 with [Dom Bucci and Century 21 Crest Real Estate, Ltd. (collectively "Bucci")] acting as a dual-agent for Appellant and the seller of the property.  Appellant alleges that on July 27, 2007, Bucci caused a [s]ettlement [n]otice to be issued to Appellant with less than the required ten [] day notice and then, on July 29, 2007, informed her that the scheduled August 1, 2007 settlement was canceled.  According to Appellant, she relied on [Bucci's] representation in not attending the settlement that did in fact take place on August 1, 2007.

Appellant alleges further that on September 12, 2007 the seller informed her that [Bucci] represented that Appellant never made any mortgage applications, did not intend to make any mortgage applications, would not proceed to settlement[,] and had not provided a legally cognizable reason for not proceeding to settlement.

On May 8, 2008, the seller sued Appellant for breach of contract for not attending settlement, not applying for a mortgage[,] and not securing approval for a mortgage loan. A verdict was entered against Appellant on or about March 15, 2011 finding her in material breach of the agreement of sale and awarding the seller damages, including Appellant's deposit in the amount of [$10,000.00]. Subsequently, on or about July 13, 2012, an [o]rder was [entered] awarding the seller attorney['s] fees based upon findings that, *inter alia*, Appellant and her counsel exhibited dilatory, obdurate, vexatious[,] and bad faith conduct, that Appellant voluntarily undertook to absent herself from the scheduled settlement on August 1, 2007 because she self-admittedly deemed the settlement notice invalid, and that Appellant failed to timely submit the name of the requisite mortgage lender to [Bucci].[1]

Trial Court Opinion, 12/17/14, at 1-2 (internal quotation marks, alteration, and citations omitted).

The trial court accurately summarized the procedural history of this case as follows:

On March 11, 2013, Appellant filed suit against [Bucci] with claims for deceit, professional malpractice, intentional interference with a contractual relationship or business relations, breach of fiduciary duty to principal[,] and fraud. Appellant's deceit claim is based upon [Bucci's] alleged false representation on July 27, 2007 that the August 1, 2007 settlement was canceled. Appellant's claim for professional malpractice is

---

[1] This Court dismissed Appellant's appeal from the judgment entered in the breach of contract case brought by the seller against Appellant, and affirmed the order granting attorney's fees. *Hargy v. J & V Developers*, 1027 EDA 2011 (Pa. Super. May 23, 2011) (*per curiam*); *J & V Developers v. Hargy*, 87 A.3d 890 (Pa. Super. 2013) (unpublished memorandum).

related to [Bucci's] alleged failure to give the seller Appellant's mortgage applications, failure to use a [n]otice of [t]ermination of [a]greement of [s]ale/[a]greement of [s]ale [r]elease and [d]istribution of [d]eposit [m]oney form, breach of duty of loyalty, breach of fiduciary duty and/or exaggeration, misrepresentation[,] or concealment of pertinent facts. The claim that [Bucci] intentionally interfered with a contractual relationship or business relations is based upon [Bucci's] alleged false representation that the August 1, 2007 settlement was canceled, failure to provide the seller with Appellant's mortgage applications, false representation to seller that [Appellant] no longer wanted to purchase the property, false representation to seller that it was free to put the subject property back on the market, [and] false representation to Appellant that the agreement of sale was still in force after August 1, 2007. . . . Appellant's claim that [Bucci] breached their fiduciary duty to a principal relates to [Bucci's] alleged adverse actions, bad faith conduct[,] and conduct inconsistent with their agency to Appellant, including representing that the August 1, 2007 settlement was canceled and testifying that Appellant was not told the settlement was canceled. Appellant's final claim, fraud, is based upon [Bucci's] alleged misrepresentation that the August 1, 2007 settlement was canceled.

Following preliminary objections, Appellant filed an [a]mended [c]omplaint on June 10, 2013. [Bucci's] subsequent preliminary objections, filed on July 2, 2013, were overruled by [o]rder dated September [4], 2013. Bucci filed an [a]nswer and [n]ew [m]atter on September 24, 2013 claiming, *inter alia*, that Appellant's claims are barred by the applicable statute of limitations and the doctrines of *res judicata* and collateral estoppel. A [m]otion for [m]ediation was filed by Appellant[] on November 20, 2013 and on December 9, 2013 the parties entered into a [s]tipulation to attend mediation pursuant to Delaware County Rule of Civil Procedure 1042.21, which was approved by [o]rder on February 10, 2014. On June 17, 2014, the parties attended mediation, but were not able to settle the matter. That same day, [Bucci] filed their motion for summary judgment. Appellant filed a [r]eply [m]emorandum to [Bucci's] [s]ummary [j]udgment [motion] on July 14, 2014. . . .

On August 13, 2014, Appellant filed a [p]raecipe to [l]ist [Bucci's] s]ummary [j]udgment [m]otion for [o]ral [a]rgument stating that a second mediation was scheduled for September 15, 2014

and that both parties were seeking oral argument on [Bucci's m]otion for [s]ummary [j]udgment on or after October 1, 2014. Pursuant to that [p]raecipe, [argument] was held on [Bucci's m]otion for [s]ummary [j]udgment on October 2, 2014 and, thereafter, the October 1[7], 2014 Order was entered granting summary judgment in [Bucci's] favor.

Trial Court Opinion, 12/17/14, at 3-4 (internal citations omitted). This timely appeal followed.[2]

Appellant presents two issues for our review:

1. Was it error of law, error of fact[,] and/or abuse of discretion for the [trial court] to conclude [A]ppellant could have produced an expert report in violation of the parties' mediation agreement (pursuant to Local Rule 1042.21), and/or in violation of Pa.R.C.P. 1035.3, without the leave of court (pursuant to Pa.R.C.P. 1035.3) [A]ppellant requested?

2. Was such error of law, error of fact[,] and/or abuse of discretion harmless error?

Appellant's Brief at 4.

In her first issue on appeal, Appellant contends that the trial court erred by concluding that she could have filed an expert report prior to the trial court entering summary judgment. This question requires us to interpret various rules of court and the parties' agreement to attend

---

[2] On November 12, 2014, Appellant filed a concise statement of errors complained of on appeal without being ordered to do so by the trial court. On December 19, 2014, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in Appellant's concise statement. Nonetheless, we note that Appellant's concise statement "fails in most respects to comply with the requirements of the Rule, including, most notably, that it is not concise." *PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 614 (Pa. Super. 2014). The trial court, however, did not find that Appellant acted in bad faith. We therefore cannot find all issues waived. *See Eiser v. Brown & Williamson Tobacco Corp.*, 938 A.2d 417, 420-421 (Pa. 2007).

mediation. As such, our standard of review is *de novo* and our scope of review is plenary. **Roth v. Ross**, 85 A.3d 590, 592 (Pa. Super. 2014) (citation omits) (interpretation of rules of civil procedure is a question of law); *cf. Mazurek v. Russell*, 96 A.3d 372, 378 (Pa. Super. 2014) (contract interpretation is a question of law).

Appellant contends that she was unable to file an expert report prior to the trial court's entry of summary judgment because of a confluence of events. First, she argues that the mediation agreement entered into between her and Bucci prohibited her from filing the expert report while mediation was ongoing. She then argues that after mediation failed, she was prohibited from filing an expert report pursuant to Pennsylvania Rule of Civil Procedure 1035.3. She concludes that if she had been able to file an expert report, she would have been able to raise a genuine question of material fact as to the statute of limitations defense advanced by Bucci.

In her response to Bucci's motion for summary judgment, Appellant included an affidavit in which she averred that it was necessary to file an expert report to raise a genuine issue of material fact. To explain the absence of an expert report, Appellant attached a letter that Bucci's counsel submitted to the trial court. Appellant argued that the letter evidenced an agreement between her and Bucci not to file expert reports. The relevant portion of Bucci's counsel's letter reads as follows:

> As the parties agreed to pursue mediation, substantive discovery
> and depositions have not been conducted in an effort to save

- 5 -

costs and focus the attention of the parties on a possible resolution. Based on the foregoing, it is respectfully requested by the parties that the [trial c]ourt vacate the March 17, 2014, [t]rial [a]ssignment and [c]ase [m]anagement [o]rder during the pendency of the mediation process.

Appellant's Reply Memorandum to Defendants' Summary Judgment Motion, 7/14/14, Exhibit A.

It is evident from the plain language of this letter that the parties never agreed to halt production of expert reports. Although the parties decided not to engage in depositions, interrogatories, or document requests, they did not agree to forego the production of expert reports. Bucci's filing of the motion for summary judgment should have clarified any misconstruction on the part of Appellant. Furthermore, Appellant does not point to any other place in the record that evidences a broader agreement. As such, any argument that the agreement between Appellant and Bucci was broader is waived. *See* Pa.R.A.P. 2117, 2119.

As the parties' agreement did not prohibit the filing of expert reports, Appellant was free to supplement the record with an expert report within 30 days of Bucci's motion for summary judgment. *See* Pa.R.C.P. 1035.3.[3] She chose, however, not to supplement the record with an expert report. We conclude that the trial court correctly held that Appellant was able to file an expert report within 30 days of Bucci's motion for summary judgment;

_____

[3] Appellant nowhere asserts that additional discovery was necessary for the production of an expert report. Hence, Appellant cannot complain that the parties' agreement to proceed with mediation hindered her acquisition of an expert opinion.

however, she failed to do so. Therefore, the trial court correctly granted Bucci's motion for summary judgment once Appellant failed to raise a genuine issue of material fact.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015

---

[4] Furthermore, even if we concluded the trial court erred by ruling on the motion for summary judgment without Appellant filing an expert report, such error was harmless. As this Court noted, Appellant became aware of Bucci's alleged malpractice (and related misconduct) in 2007. **_See J & V Developers v. Hargy_**, 87 A.3d 890 (Pa. Super. 2013) (unpublished memorandum), at 11-12 (citation omitted). Nonetheless, Appellant failed to file suit until 2013, well after the statute of limitations had expired. No expert report could cure this deficiency. Likewise, Appellant's argument that she could not have expected the verdict in the previous case is without merit. As this Court has noted, her arguments in the prior litigation were "frivolous." **_Id._** at 10, 26 (citation omitted).