J-S13017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN HART | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA INQUIRER, PBC | : | |
| | : | |
| Appellee | : | No. 2034 EDA 2020 |

Appeal from the Order Entered August 31, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 200501614

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.: **FILED: JUNE 11, 2021**

Appellant, John Hart, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing the action he commenced by filing a *praecipe* to issue writ of summons against Appellee, Philadelphia Inquirer, PBC. We affirm.

The relevant facts and procedural history of this appeal are as follows.

> [Appellant] commenced this action against [Appellee] by filing a [*pro se praecipe* for] writ of summons on May 26, 2020. Contemporaneously with the filing of the writ of summons, [Appellant] filed a motion to proceed *in forma pauperis*. Ninety-seven days later, on August 31, 2020, a review of the docket showed no complaint had been filed. Accordingly, by order dated, and docketed, August 31, 2020, this case was dismissed consistent with Pa.R.C.P. 240(j)(2).
>
> On September 11, 2020, [Appellant] filed a motion to vacate

_____

[*] Retired Senior Judge assigned to the Superior Court.

in which he requested [that the trial c]ourt vacate its August 31, 2020 order because he believed the Courts of Common Pleas remained closed due to the COVID-19 Pandemic and that such closure relieved him of his obligation to file a complaint. [Appellant] further alleged he now has sufficient funds to permit him to pay the requisite filing fees. The motion to vacate sought three forms of relief from [the trial c]ourt: 1) vacate the August 31, 2020 order dismissing his case, 2) dismiss his request to proceed *in forma pauperis*, and 3) allow his case to proceed while he pays any necessary filing fees.

(Trial Court Opinion, filed November 3, 2020, at 1-2) (internal citations, footnote, and some capitalization omitted).

Before the court ruled on the *pro se* motion to vacate, Appellant timely filed a *pro se* notice of appeal on September 28, 2020. On October 2, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Despite the filing of a notice of appeal, the court also dismissed the *pro se* motion to vacate as moot on October 9, 2020. On October 22, 2020, Appellant timely filed his *pro se* Rule 1925(b) statement. Appellant's current counsel entered his appearance in this Court on December 28, 2020.

Appellant now raises the following issues for our review:

Whether the trial court erred in 1) dismissing the writ of summons and 2) denying the motion to vacate the order dismissing the writ on mootness grounds during a pandemic, where Appellant was proceeding *pro se*, after numerous orders were entered extending various applicable deadlines, and without adequately considering that the motion to vacate was filed immediately after Appellant received notice of the dismissal, in which Appellant brought to the trial court's attention that the statute of limitations had expired on the action, thereby precluding any judicial

- 2 -

review of Appellant's claims?

(Appellant's Brief at vi).

On appeal, Appellant acknowledges that Rule 240 "provides the trial court with discretion to dismiss an action for failure to file a complaint after ninety days, but it does not require the trial court to do so." (*Id.* at 1). Appellant insists the trial court should not have dismissed his action under the circumstances, where the "courts have issued numerous … COVID-19 related suspension and tolling orders during the last year."[1] (*Id.* at 1-2). Moreover, Appellant emphasizes it was "difficult enough for an attorney to comply with all of the various" judicial emergency orders, but Appellant "was acting *pro se*." (*Id.* at 3).

Appellant also claims the court should not have denied his motion to vacate as moot. Appellant relies on Pa.R.A.P. 1701(b)(3) for the proposition

---

[1] On March 16, 2020, the Pennsylvania Supreme Court declared "a general, statewide judicial emergency until April 14, 2020, on account of COVID-19." ***In re General Statewide Judicial Emergency***, ___ Pa. ___, ___, 228 A.3d 1281, 1281 (2020). The Order authorized the president judges in the individual judicial districts to "suspend time calculations for the purposes of time computation relevant to court cases … as well as time deadlines[.]" ***Id.*** The Supreme Court extended the judicial emergency in several supplemental orders, directing that the emergency shall cease on June 1, 2020. ***See In re General Statewide Judicial Emergency***, ___ Pa. ___, 234 A.3d 408 (2020). Pursuant to the Supreme Court's directives, the President Judge of Philadelphia County issued an order explaining that "courts are physically closed to the public due to the health crisis created by COVID-19," but Philadelphia's "electronic filing system is open for the filing and docketing of all legal papers." First Judicial District Administrative Order, No. 29 of 2020, filed 4/8/20.

that his filing of a notice of appeal did not render the motion moot; rather, the court retained jurisdiction to rule on the motion, which effectively "served as a motion for reconsideration asking the trial court to rescind its prior order and permit Appellant to file a complaint." (**Id.** at 6). Based upon the foregoing, Appellant concludes this Court must reverse the order dismissing the action and remand for the filing of a complaint. We disagree.

"Initially, the matter before us requires that we interpret a Pennsylvania Rule of Civil Procedure." **Roth v. Ross**, 85 A.3d 590, 592 (Pa.Super. 2014). "This presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. Therefore, we are not constrained by the interpretation provided by the trial court." **Id.** (internal citations omitted).

Rule 240 governs actions commenced by writ of summons as follows:

> **Rule 240. *In Forma Pauperis***
>
> \* \* \*
>
> (j)(1)    If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> (2)    If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed *in forma pauperis* until the complaint is filed. **If the complaint has not been filed within ninety days of the filing of the petition, the court may dismiss the action pursuant to subdivision (j)(1)**.

Pa.R.C.P. 240(j)(1), (2) (emphasis added).

Additionally, Rule 1701 governs a trial court's authority to proceed in a matter after the filing of a notice of appeal:

**Rule 1701.  Effect of Appeal Generally**

**(a)    General rule.**—Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

**(b)    Authority of a trial court or other government unit after appeal.**—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1)    Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

\*    \*    \*

(3)    Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i)    an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii)    an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(a), (b)(1), (3).

Instantly, Appellant filed his *praecipe* to issue writ of summons and motion to proceed *in forma pauperis* on May 26, 2020. No further action occurred until August 31, 2020. At that time, the trial court inspected the docket, saw that Appellant had not filed a complaint, and dismissed the action pursuant to Rule 240(j)(2). Under the applicable standard and scope of review, the court did not err in dismissing the action where Appellant failed to file a complaint within ninety (90) days of the filing of the request to proceed *in forma pauperis*. **See Roth, supra**; Pa.R.C.P. 240(j)(2).

Regarding Appellant's argument that the COVID-19 Pandemic somehow excuses his failure to file a complaint, the court observed:

> The [c]ourt's electronic filing system operated continuously throughout the COVID-19 Pandemic. More than a month before [Appellant] commenced this action, the Philadelphia Court of Common Pleas Civil Trial Division had resumed ruling on non-emergency motions. On May 27, 2020, the Supreme Court declared the Statewide Judicial Emergency would cease effective June 1, 2020. In August of 2020, the Philadelphia Court of Common Pleas announced that criminal jury trials would resume on September 6, 2020 and civil non-jury trials would also occur in September.
>
> While this Court does not opine on the genuineness of his belief, [Appellant's] belief the Philadelphia Court of Common Pleas was "not fully operational" was unreasonable in light of the facts. First, **[Appellant] utilized the electronic filing system on May 26, 2020 to file his *Praecipe* for Writ of Summons and his Motion to Proceed *In Forma Pauperis*.** The day after [Appellant] commenced this action, the Supreme Court announced the end of the Statewide Judicial Emergency. By the time [the trial c]ourt dismissed [Appellant's] case pursuant to Rule 240(j) on August 31, 2020, the Philadelphia Court of Common Pleas had announced the resumption of trials. Accordingly, although [Appellant] may have believed the COVID-19

- 6 -

> Pandemic somehow relieved him of his obligation to file a complaint and prosecute this action, such a belief was manifestly unreasonable; the fact [Appellant] is proceeding *pro se* is of no moment.

(Trial Court Opinion at 3-4) (emphasis added) (internal citations and footnote omitted). We agree with the court's analysis, and we reiterate that Appellant's status as a *pro se* litigant conferred no special benefits upon him. ***See Norman for Estate of Shearlds v. Temple University Health System***, 208 A.3d 1115, 1118-19 (Pa.Super. 2019), *cert. denied*, ___ U.S. ___, 141 S.Ct. 301, 208 L.Ed.2d 53 (2020) (stating "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing").

To the extent Appellant also relies upon Rule 1701(b)(3) for the proposition that the court should not have classified his motion to vacate as moot, this subsection of the rule allows a court to grant reconsideration of an order that is the subject of the appeal. **See** Pa.R.A.P. 1701(b)(3). Here, the court specifically determined that dismissal of the action was proper, and the arguments in Appellant's motion to vacate did not warrant relief. (**See** Trial Court Opinion at 2, 4). As such, Rule 1701(b)(3) was not applicable to the court's disposition. Rather, Rule 1701(b)(1) permitted the court to dismiss the motion to vacate as moot, where the court's action effectively preserved the *status quo* pending appeal. Therefore, Appellant is not entitled to relief on any of his claims, and we affirm the order dismissing the action.

Order affirmed.

Judge Pellegrini joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/11/21</u>