J-A22039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PRICE BRADSHAW, III | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CANDIS S. BRADSHAW | : | |
| | : | |
| Appellant | : | No. 305 MDA 2021 |

Appeal from the Order Entered February 8, 2021
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2019-CV-07154-CV

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:　　　　　　**FILED: DECEMBER 15, 2021**

Appellant, Candis S. Bradshaw, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied her request to open a default judgment entered in favor of Appellee, Price Bradshaw, III.  We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant and Appellee were married.  During their marriage, the parties had a child, W.B.  On January 17, 2014, when W.B. was two years old, Appellant slashed the child's neck with a knife.  After the attack, the parties divorced. On February 17, 2015, Appellant entered a plea of guilty but mentally ill to aggravated assault, endangering the welfare of a child, and possessing instruments of crime.  That same day, the court imposed an aggregate sentence of five (5) to ten (10) years' imprisonment, followed by twenty (20) years of probation.

On September 27, 2019, Appellee filed a complaint against Appellant. The complaint alleged that W.B. "began displaying various serious antisocial and maladaptive behaviors," which were "a direct result of the trauma inflicted upon him by [Appellant]." (Complaint, filed 9/27/19, at 5). The complaint indicated that W.B.'s issues have "only manifested and/or been professionally linked to the trauma caused by [Appellant] within the past two years," and Appellee "has incurred significant expense[s]" in conjunction with W.B.'s care and mental health treatment. (*Id.*) The complaint included one count for assault and battery and one count for intentional infliction of emotional distress. The complaint requested damages of no less than $500,000.00.

A Dauphin County sheriff served the complaint "by personally handing" it to Appellant at SCI-Muncy on October 4, 2019. (Sheriff's Return of Service, filed 10/11/19, at 1). Thereafter, Appellant took no action. On November 19, 2019, the court entered a default judgment against Appellant in the amount of $500,000.00. That same day, Appellee filed a *praecipe* for entry of default judgment. Appellee's *praecipe* included a certificate of service stating that Appellant was served with the *praecipe* "via regular mail" to her address at SCI-Muncy. (Certificate of Service, filed 11/19/19, at 1).

Almost immediately, Appellee attempted to collect the judgment. On November 22, 2019, Appellee sent interrogatories to the law firm that

currently represents Appellant.[1]  The interrogatories requested information about any of Appellant's assets that were under the firm's control.  Appellant's counsel responded on December 11, 2019, refusing to provide any information pursuant to the attorney-client privilege.

On May 5, 2020, Appellant's cousin, Clara Jane Threlkeld, as power of attorney for Appellant, filed a "motion" to open default judgment.  In it, Appellant stated that: 1) her father was appointed as her original power of attorney prior to the criminal proceedings; 2) Appellant's father died on December 9, 2018; 3) Ms. Threlkeld was appointed as Appellant's power of attorney on March 13, 2019; and 4) Ms. Threlkeld only recently learned about Appellee's complaint and the default judgment.  By order entered May 7, 2020, the court declined to entertain the motion.  The court cited Dauphin County Local Rule of Civil Procedure 206.1(a), which provides that a request to open a default judgment must be set forth in a petition.[2]

On June 10, 2020, Ms. Threlkeld, as power of attorney for Appellant, filed a petition for rule to show cause as to why the default judgment should not be opened.  Appellant argued that Appellee had "already waived all claims for expenses and support in the marital settlement agreement [("MSA")]

---

[1] An attorney from the firm also represented Appellant during the underlying criminal case.  (*See* N.T. Plea Hearing, 2/17/15, at 1).

[2] Despite the fact that Appellant styled her filing as a "motion," documents in the certified record and Appellant's brief on appeal repeatedly refer to the filing as a "petition."

which was entered into **after** the injuries to W.B." (Petition for Rule to Show Cause, filed 6/10/20, at ¶15) (emphasis in original). Appellant also reiterated that Ms. Threlkeld was unaware of the complaint and the default judgment until Appellee filed various motions to disrupt the probate of Appellant's father's estate.[3] (*Id.* at ¶28).

Regarding the legal standard for opening a default judgment, Appellant acknowledged that a petition requesting the opening of the judgment must be promptly filed. (*See id.* at ¶30). Appellant insisted that her request to open the default judgment was "filed shortly after [Appellant's] power of attorney became aware of the suit and judgment." (*Id.* at ¶31). Moreover, Ms. Threlkeld "does not see or speak to [Appellant] often," and Appellant, "based on her mental insanity plea, was unable to understand the nature of the complaint" or what was required to respond to the entry of the default judgment. (*See id.* at ¶¶32-33). Appellant further argued that she had a meritorious defense to Appellee's claims, which were barred by the applicable statute of limitations. (*See id.* at ¶37).

On June 16, 2020, the court entered a rule to show cause order. The court directed Appellee to respond to Appellant's filings on or before July 10, 2020. The court also ordered the parties to complete any depositions within

_____

[3] In a subsequent deposition, Ms. Threlkeld testified that she first learned about the complaint and the default judgment in March 2020. (*See* N.T. Deposition, 9/15/20, at 14).

- 4 -

ninety (90) days of the filing of Appellee's response.

Appellee timely filed an answer and new matter on July 2, 2020. In his answer, Appellee disputed Appellant's argument that her mental illness left her unable to understand the consequences of the complaint or the default judgment. Appellee noted that Appellant's mental illness did not render her unable to execute the MSA or otherwise participate in the parties' divorce proceedings.[4] (**See** Answer, filed 7/2/20, at ¶7). Appellee claimed that Appellant "had the capacity necessary to appoint Clara Threlkeld as her power of attorney on March 13, 2019," and Appellant "did not enter a 'mental insanity plea.'" (**Id.** at ¶¶22, 34).

> [Appellant] pled guilty but mentally ill, which means at the time of the commission of the offense, she could not appreciate the wrongfulness of her conduct. Moreover, as pled more fully in the new matter, [Appellant] was found competent to stand trial and enter into a plea, and testified extensively on her own behalf [at the plea hearing].

(**Id.** at ¶34). Appellee also emphasized that Appellant's counsel knew about the default judgment as early as December 2019, "when counsel was served with [Appellee's] interrogatories in aid of execution…." (**Id.** at ¶31). In his new matter, Appellee expanded on his argument that Appellant's plea of guilty but mentally ill was not determinative of her capacity to address the complaint and default judgment in a timely manner.

---

[4] Regarding the MSA, Appellee argued that "[t]hen unknown mental trauma to W.B. cannot be said to have been included in a release pertaining to a divorce and division of marital property." (Answer, filed 7/2/20, at ¶15).

On August 17, 2020, Appellant filed an answer to Appellee's new matter. In pertinent part, Appellant denied that her "mental state at the time of the plea is the same mental state she has maintained during this action." (Answer, filed 8/17/20, at ¶45). Thereafter, the parties had until September 30, 2020 to take depositions or otherwise engage in discovery. (**See** Order, filed 6/16/20, at 1). On September 15, 2020, the parties deposed Ms. Threlkeld. Appellant did not request the deposition of any additional witnesses.

On October 1, 2020, Appellee filed a motion "for judgment on the pleadings—petition for rule to show cause why default judgment should not be opened." Appellee relied on Pa.R.C.P. 206.7 to argue that: 1) Appellant failed to conduct any discovery on the disputed issues of material fact raised in Appellee's answer to the show cause petition; and 2) all averments of fact responsive to the petition and properly pleaded in the answer should be deemed admitted. Again, Appellee alleged that Appellant did not demonstrate that she suffered from any type of mental incapacity that rendered her unable to respond to Appellee's complaint or the default judgment.[5] (**See** Motion, filed 10/1/20, at ¶9). Consequently, Appellee requested that the court dismiss

_____

[5] Appellee also relied on Ms. Threlkeld's deposition, wherein the witness: 1) offered no testimony evidencing a lack of mental capacity on the part of Appellant; and 2) explained that Appellant participated in the execution of the March 2019 power of attorney with the assistance of her prison's chaplain. (**See** Motion, filed 10/1/20, at ¶¶15-16).

- 6 -

Appellant's petition for rule to show cause as to why the default judgment should not be opened.

Appellant filed an answer to Appellee's motion on October 22, 2020. For the first time, Appellant submitted a copy of her prison medical records to support her assertion that she was suffering from a new bout with mental illness in 2019. On December 22, 2020, the court conducted oral argument on the matter. By opinion and order entered February 8, 2021, the court granted Appellee's motion for judgment on the pleadings and denied Appellant's request to open the default judgment.

Appellant timely filed a notice of appeal on March 8, 2021. On March 12, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed her Rule 1925(b) statement on March 31, 2021.

Appellant now raises four issues for this Court's review:

> Did the court err and abuse its discretion when it held that Appellant had not fulfilled all parts of the three-part test to open default?
>
> Did the court err and abuse its discretion when it failed to consider Appellant's meritorious defense?
>
> Did the court err and abuse its discretion when it deemed that all facts were admitted pursuant to Rule 206.7 even though Appellant was not limited to depositions?
>
> Did the court err and abuse its discretion when it ignored clear evidence that Appellant's mental state and incarceration prevented her from defending herself or appreciating the gravity of the complaint and the need to seek legal assistance?

(Appellant's Brief at 8).

Appellant's issues are related, and we address them together. Initially, Appellant insists that she satisfied the three-part test for opening the default judgment. Regarding the first factor, Appellant maintains that she promptly filed a petition to open the judgment. Appellant emphasizes that Ms. Threlkeld first learned about the default judgment in March 2020, and Ms. Threlkeld requested to open the default judgment on Appellant's behalf within days of learning about it. Although Appellant received service of process for both the complaint and the default judgment, she notes:

> Appellant was served original process while in the midst of a mental health crisis, while in a restrictive housing unit in prison, with the COVID-19 [pandemic] looming overhead. None of the cases that the [trial] court rested its decision on have similar equitable circumstances.

(Appellant's Brief at 14).[6] Regarding the second factor, Appellant asserts Appellee's claims are barred by a two-year statute of limitations. Regarding the third factor, Appellant contends she had a reasonable excuse for the delay, where she "was unable to understand or appreciate the complaint due to suffering a severe mental health episode while confined in the restrictive

_____

[6] Related to her analysis of the first factor, Appellant also complains that the court did not consider the reason for the delay. Rather, "[t]he only factor that the [trial] court considered was the fact that more than one month had passed since the entry of default." (Appellant's Brief at 28). Appellant urges that the relevant case law required the court to consider the fact that Appellant did not attempt to open the default judgment sooner due to her "severe mental health break down." (*Id.*)

housing unit" of her prison. (*Id.* at 22-23).

Appellant acknowledges that the court denied relief based upon its conclusion that Appellant did not timely file the petition to open the default judgment. Appellant argues that the court's conclusion constitutes an abuse of discretion because, *inter alia*, the court incorrectly interpreted Rule 206.7(c). More specifically, Appellant complains about the court's reliance on Rule 206.7(c) as a basis for adopting certain factual averments contained in Appellee's motion for judgment on the pleadings. Appellant claims the court misapplied the rule for three reasons:

> First, the [trial] court deemed conclusions of law, unwarranted inferences, and statements of opinion admitted. Second, the [trial] court deemed averments of fact that were not in the answer admitted. Finally, the [trial] court deemed averments of fact that were responsive to the petition admitted.

(*Id.* at 16-17). Under a proper interpretation of Rule 206.7(c), Appellant submits that "only the facts in responsive paragraphs [of Appellee's answer] should be deemed admitted." (*Id.* at 20). Appellant reasons that the court's incorrect interpretation of Rule 206.7(c) caused it to misapply the test for opening the default judgment.

Additionally, Appellant argues that Rule 206.7(c) "only operates as an admission of all facts in an answer when the movant fails to take discovery." (*Id.* at 24). Appellant insists that the production of documents is a valid form of discovery, and she emphasizes that she produced her prison medical records to corroborate her assertion that she was going through a mental

health crisis in 2019. Moreover, Appellant maintains that it would have been futile to attempt to depose her during her mental health crisis. Thus, Appellant avers that the court erred in finding that she did not create a record regarding the factual dispute over her capacity to understand her legal affairs in 2019. Based upon the foregoing, Appellant concludes that this Court must reverse the order denying her request to open the default judgment. We disagree.

"A petition to open a default judgment is an appeal to the equitable powers of the court." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (quoting *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa.Super. 2000)). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Id.*

Pennsylvania Rule of Civil Procedure 237.3(b)(2) provides: "If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2). Where a petition to open a default judgment is not filed within ten (10) days of entry of the default judgment, the movant must "(1) promptly file a petition to open judgment, (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." *Reid v. Boohar*, 856 A.2d 156, 160 (Pa.Super. 2004). "[T]he trial

court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009). If the petitioner has made some showing as to all three prongs of the test, then the court is entitled to "consider each part in the light of all of the circumstances and equities of the case." ***Duckson v. Wee Wheelers, Inc.***, 620 A.2d 1206, 1209 (Pa.Super. 1993) (emphasis omitted).

With respect to the first requirement that the petitioner promptly file a petition to open, we do not employ a bright line test; courts focus "on two factors: (1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." ***Flynn v. America West Airlines***, 742 A.2d 695, 698 (Pa.Super. 1999). "In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month." ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa.Super. 2009) (quoting ***US Bank N.A., supra*** at 995).

Appellant's arguments also require an examination of the trial court's interpretation of Rule 206.7(c). "This presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. Therefore, we are not constrained by the interpretation provided by the trial court." ***Roth v. Ross***, 85 A.3d 590, 592 (Pa.Super. 2014) (internal citations omitted).

Generally, "a petition shall proceed upon a rule to show cause…." Pa.R.C.P. 206.4(a)(1). "A rule to show cause shall be issued as of course upon the filing of the petition. The rule shall direct that an answer be filed to the petition within twenty days after service of the petition on the respondent." Pa.R.C.P. 206.6(a). Rule 206.7 governs the procedure to be followed after the issuance of the rule to show cause:

### Rule 206.7. Procedure After Issuance of Rule to Show Cause

(a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.

(b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

(c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

(d) The respondent may take depositions, or such other discovery as the court allows.

Pa.R.C.P. 206.7.

Instantly, the parties correctly recognize that Rule 206.7(c) applied under the procedural circumstances of this case. Appellant filed a petition for rule to show cause in conjunction with her request to open the default

judgment. *See* Pa.R.C.P. 206.4(a)(1). In it, Appellant emphasized that her "mental insanity plea" left her unable to understand the consequences of failing to respond to the complaint or the entry of the default judgment. (*See* Petition for Rule to Show Cause, filed 6/10/20, at ¶33, 34). After Appellant filed the rule to show cause petition, the court entered a corresponding order. *See* Pa.R.C.P. 206.6(a). The order directed Appellee to file a response by July 10, 2020. The order also required the parties to complete any depositions within ninety (90) days of the filing of Appellee's response. Because Appellee timely filed his answer and new matter on July 2, 2020, the parties had until September 30, 2020 to take depositions or otherwise engage in discovery. (*See* Order, filed 6/16/20, at 1).

In Appellee's answer, he disputed Appellant's assertion that her mental illness left her unable to understand the nature of the complaint or the default judgment. Due to this disputed issue of material fact, Rule 206.7(c) permitted Appellant to take depositions "or such other discovery as the court allows, **within the time set forth in the order of the court**." Pa.R.C.P. 206.7(c) (emphasis added). While Appellant correctly recognizes that the production of her prison medical records amounted to a valid form of discovery to corroborate the timing of her 2019 mental health crisis, Appellant first submitted these records **after** the expiration of the September 30, 2020 deadline. (*See* Answer to Motion for Judgment on the Pleadings, filed

10/22/20, at Exhibit A).[7]

Because Appellant failed to produce the medical records before the expiration of the September 30, 2020 deadline, Rule 206.7(c) permitted the court to decide Appellant's petition "on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision." **See** Pa.R.C.P. 206.7(c). Here, Appellee's answer pleaded the following facts to disprove Appellant's mental illness claims: 1) Appellant had the capacity to appoint her father as her power of attorney in 2014; 2) Appellant had the capacity to enter into the MSA in 2014; 3) Appellant had the capacity to appoint Ms. Threlkeld as her power of attorney in March 2019; 4) Appellant's counsel knew about the entry of the default judgment in December 2019, when counsel was served with Appellee's interrogatories in aid of execution; and 5) Appellant's entry of a plea of guilty but mentally ill meant that she could not appreciate the wrongfulness of her conduct at the time of the offenses only. (**See** Answer, filed 7/2/20, at ¶¶6, 7, 22, 31, 33). In light of these facts, Appellee concluded that Appellant was not entitled to relief.

When the court evaluated the averments of fact responsive to the petition and properly pleaded in Appellee's answer, it identified the

---

[7] Although the records indicate that Appellant began to exhibit new symptoms of mental illness as early as August 2019, mental health personnel did not see the need to admit Appellant into the prison's medical unit until December 2019.

aforementioned facts as being critical to its determination regarding the "prompt" filing of Appellant's request to open the judgment. (*See* Opinion and Order, filed 2/8/21, at 4). On this record, our review leaves us unable to agree with Appellant's claim that the court somehow ran afoul of Rule 206.7(c).[8] ***See Roth, supra***. The court properly identified specific facts to support its conclusion that Appellant failed to demonstrate a "prompt" and timely filing of the request to open the default judgment. ***See Myers, supra***; ***Flynn, supra***. Consequently, we affirm the order denying Appellant's request to open the default judgment entered in favor of Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2021

---

[8] We acknowledge that the court's opinion and order "adopts" numerous averments set forth in Appellee's motion for judgment on the pleadings. (***See*** Opinion and Order at 5). Although these averments are largely derivative of the **facts** pleaded in Appellee's answer, some are phrased in such a way that they appear to be inferences or opinions. (***See*** Motion, filed 10/1/20, at ¶9). Nevertheless, when the court's opinion and order are read in context, it is evident that the court reached its legal conclusions by relying on Appellee's averments of fact only. In particular, the court emphasized: 1) Appellant had the mental capacity to execute the power of attorney in March 2019; and 2) Appellant's counsel knew of the judgment in December 2019. (***See*** Opinion and Order at 4).